UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/2025

JEREMY ZIELINSKI,

                Plaintiff,

-against-

DANIEL MARTUSCELLO, CORRINE LEONE, and DAVID HOWARD,

                Defendants.

24-cv-150 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Jeremy Zielinski ("Plaintiff") initiated this action on January 8, 2021, alleging deprivation of rights under 42 U.S.C. § 1983 ("Section 1983") claiming violations of the First Amendment, Fifth Amendment and Fourteenth Amendment against Defendants Daniel Martuscello ("Martuscello"), Corrine Leone ("Leone"), and David Howard ("Howard") (collectively, "Defendants").

Presently before the Court are Defendants' Motion to Dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(6). For the following reasons, the motion is GRANTED.

## BACKGROUND

The following facts are derived from the Complaint ("Compl.") and are taken as true and constructed in the light most favorable to the Plaintiff at this stage.

Plaintiff is an inmate at Woodbourne Correctional Facility. (Compl. ¶ 6.) Plaintiff asserts that the New York State Department of Corrections and Community Supervision ("DOCCS") uses computers with word processors for essentially all of its own activities. (*Id.* ¶ 9.) However, law library users are not able to access such contemporary technology; rather, they are left to use "decrepit, slow, unreliable, featureless typewriters that were obsolete before the turn of the

1

century." (*Id.* ¶ 12.) Plaintiff complains that being required to use such documents for legal documents makes it "long," and "so difficult," to prepare legal documents and notes that the typewriters "lack the capability to do things required by courts like adding page numbers or Bates-stamping of exhibits." (*Id.* ¶¶ 13, 14.)

Being required to use typewriters for legal documents significantly increases out-of-pocket costs for incarcerated law library users; "[w]hereas everyone else is allowed to print multiple copies of the documents they prepare using the computers and printers DOCCS provides, law library users have to pay to make copies using a copy machine at up to ten cents per page." (*Id.* ¶ 15.) This often "exceeds the entirety of the 'wages' DOCCS pays and all available sources of community support, forcing people to use 'advances' which add 'encumbrances' to their accounts." (*Id.*) As a consequence, "people who need to prepare legal documents are frequently left absolutely destitute – unable to buy stamps, soap, or anything else they might need – for months or even years at a time." (*Id.* ¶ 16.) DOCCS frequently defaces sample legal documents with markings such that they cannot be used by incarcerated litigants. (*Id.* ¶ 17.)

DOCCS allows incarcerated people to use DOCCS-provided computers and printers to "type books, screenplays, personal letters, and all sorts of other documents whether they have anything to do with the program area the computer is in or not." (*Id.* ¶ 18.) However, if incarcerated prepare anything related to a legal matter, they are subject to "severe disciplinary sanctions for 'misuse of State property.'" (*Id.*) At that point, the "electronic document [will be deleted] and any physical copies [will be] confiscated as 'contraband' and destroyed." (*Id.*)

DOCCS provides computers, word processors, and printers for all other programs and activities. (*Id.* ¶ 19.) The typewriters costs hundreds of dollars each and require significant cost in ongoing supplies, maintenance and continuous replacement. (*Id.*) Unlike the typewriters, modern

2

word processor software has substantial security features. (*Id*.) DOCCS has more than sufficient computers to allow incarcerated people to use them for preparation of legal documents. (*Id*.) Every law library has "thin-client" computers already connected into a statewide-area network that incarcerated people use to access Westlaw, LexisNexis, parole board appeal decisions, DOCCS directives, and a variety of other DOCCS content. (*Id*.) Adding a word processor to such computers would be trivial. (*Id*.)

Plaintiff filed a grievance challenging DOCCS's policy of providing computers, word processors, and printers except for ordinary law library users. (*Id*. ¶ 21.) DOCCS responded merely asserting that such provisions are within its "discretion." (*Id*.)

Based on the foregoing, Plaintiff brings Section 1983 claims alleging violations of the First Amendment, Fifth Amendment and Fourteenth Amendment.

## PROCEDURAL HISTORY

On October 13, 2021, Plaintiff commenced this action against the Defendants in his Complaint ("Compl") (ECF No. 1.) Defendants filed their motion to dismiss Plaintiff's Complaint and their memorandum of law in support on December 16, 2024 ("Mot.") (ECF Nos. 24 and 25.) Plaintiff did not file an opposition to Defendants' motion; thus, Defendants did not file a reply in further support of their motion.

## LEGAL STANDARD

### A. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Section 1983

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured." Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To assert a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct

deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09-CV-5446(SHS), 2013 WL 1803896, *2 (S.D.N.Y. April 25, 2013); *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. See Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998); Quinn v. Nassau Cty. Police Dep't, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution.")

### C. *Pro Se* Pleading Standard

Where a litigant is *pro se*, the Court is empowered to consider "new facts raised in opposition papers to the extent they are consistent with the complaint, treating the new factual allegations as amending the original complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018). A Court may consider "new claims appearing for the first time in the briefing 'if the claims could have been asserted based on the facts alleged in the complaint." *Vlad-Berindan v. MTA New York City Transit*, No. 14-cv-675, 2014 WL 6982929, *5 (S.D.N.Y.2014) (citing *Rosado v. Herard*, No. 12-cv-8943, 2013 WL 6170631, *3 (S.D.N.Y. 2013). Courts are to read a *pro se* litigant's papers "liberally" and "interpret them to raise the strongest argument that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 791 (2d Cir. 1994).

### D. Impermissible Group Pleading

While Federal Rule of Civil Procedure 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (quoting *Ferro v. Ry. Express*

*Agency, Inc.,* 296 F.2d 847, 851 (2d Cir.1961)). Where a plaintiff "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct . . . [t]he complaint fail[s] to satisfy this minimum standard" and dismissal of each claim, if not the entire complaint, is appropriate. *Id*.

## DISCUSSION

Plaintiff brings claims pursuant to Section 1983, alleging First Amendment, Fifth Amendment and Fourteenth Amendment violations. Because the Court must find that Plaintiff has engaged in impermissible group pleading, the Court limits its discussion to such analysis.

### A. Whether Plaintiff Has Engaged in Impermissible Group Pleading

As currently written, the Court must find that the Complaint engages in impermissible group pleading and "lumps all the [D]efendants together in each claim and provides no factual basis to distinguish their conduct." *S.G. v. Bank of China Ltd.*, No. 23-CV-2866 (LAK), 2024 WL 1861158, *at 3 (S.D.N.Y. Apr. 29, 2024), *aff'd sub nom. S.G. v. Bank of China U.S.A.*, No. 24-1426, 2024 WL 4891390 (2d Cir. Nov. 26, 2024) (internal citations omitted).

Here, the Court must find that Plaintiff's complaint does not give adequate notice as to the claims against them. Plaintiff's entire complaint consists of group pleading and only refers to the Defendants collectively. By engaging in such group pleading, the Complaint "does not afford these defendants fair notice of the basis for the claims against them." *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260 (M.D. Fla. 2009), *aff'd*, 451 F. App'x 862 (11th Cir. 2012). Should Plaintiff choose to file an Amended Complaint, Plaintiff would do well to plead the particular allegations unique to each Defendant, underscoring their personal involvement in factual aversions underpinning each cause of action. In the meantime, however, per the group pleading

6

doctrine, Plaintiff's First, Second, Third, Fourth and Fifth Cause of Action are dismissed without prejudice.

## B. First Amendment Principles

While the Court is granting Defendants' motion to dismiss each of Plaintiff's claims, the Court finds it prudent to briefly address the potential First Amendment concerns implicated by DOCCS's alleged conduct. Laws that discriminate based on the content of the message ordinarily must survive strict scrutiny. *City of Austin, Texas v. Reagan Nat'l Advert. of Austin, LLC*, 596 U.S. 61, 70 (2022) Likewise, "speaker-based laws demand strict scrutiny when they reflect the Government's preference for the substance of what the favored speakers have to say (or aversion to what the disfavored speaker have to say)." *Turner Broad. Sys., Inc. v. F.C.C.*, 512 U.S. 622, 658 (1994).

The strict scrutiny analysis is complicated by the carceral origination of Plaintiff's claims. In *Turner v. Safley,* the Supreme Court articulated the analysis through which courts are to analyze constitutional claims brought by incarcerated people. *Turner v. Safley*, 482 U.S. 78, 86 (1987). Specifically, the Supreme Court held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id*. at 89. The Supreme Court found this standard necessary, as "[s]ubjecting the day-to-day judgments of prison officials to an inflexible strict scrutiny analysis would seriously hamper their ability to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration." *Id*.

Here, Plaintiff alleged a policy by the Government favoring speakers writing non-legal content over speakers writing legal content by providing one category of speakers (speakers writing non-legal content) with sufficiently modern technology to draft their writing and denying

such technology to the second category (speakers writing legal content). *Turner Broad. Sys., Inc.*, 512 U.S. 622 at 658. On the surface, this necessarily demonstrate that DOCCS is discriminating based on content, as it is privileging non-legal content over legal content. Without further benefit of additional information, DOCCS may be perceived as engaging in speaker based and content-based discrimination and possibly impinging First Amendment rights.

The question, then, is whether such burdening on First Amendment rights is reasonably related to a penological goal. *Id*. The Court is skeptical as to whether, as articulated in the Defendants' motion, DOCCS would be able to survive even such a deferential standard. It does not appear that any penological goal is advanced by, in one breath, forcing incarcerated people to use antiquated technology when they are merely seeking to protect their constitutional rights and then, in the next breath, give them access to more modern technology to write, for example, poems. If Defendants can provide more modern technology for personal writing, it is not clear why they cannot also provide equivalent technology for legal writing – writing that is arguably even more important. Having said that, the Court is mindful that there is no shortage of lawsuits filed by either detained or incarcerated individuals.

Defendants contend that "the Court should defer to Defendant's penological interests in determining how to deploy the limited resources available to it at any given facility as there is no constitutional right to a computer." (Mot. p. 9.) While the Court does defer to the Defendants' as to the policies needed to run a correctional facility, the Court notes that such deference is not absolute, and the Court is not to close its eyes to the constitutional rights that still exist for detained or incarcerated people. Defendants can state that they are concerned with "maximiz[ing] efficiency," but it is unclear why such a focus on efficiency prioritizes writing, for instance, comic books over seeking redress for the rights afforded to incarcerated people under our Constitution.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants Daniel Martuscello, Corrine Leone and David Howard's motion to dismiss *pro se* Plaintiff Jeremy Zielinski's Complaint in its entirety. Specifically, the Court dismisses without prejudice *pro se* Plaintiff's First, Second, Third, Fourth and Fifth Causes of Action.

*Pro se* Plaintiff is granted leave to file an Amended Complaint (blank form attached hereto) by June 10, 2025. *Pro se* Plaintiff is advised that the Amended Complaint will replace, not supplement, the Complaint, and so any claims that he wishes to pursue must be included in the Amended Complaint. Should *pro se* Plaintiff file an Amended Complaint, the Defendants are directed to answer or otherwise respond by July 1, 2025, and the parties are directed to complete and file a Case Management Plan and Scheduling Order (blank form attached) by July 31, 2025. If *pro se* Plaintiff fails to file an Amended Complaint within the time allowed, those claims that were dismissed without prejudice shall be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 24, and to mail a copy of this Order to the *pro se* Plaintiff at the address listed on ECF and to show service on the docket.

Dated:   April 21, 2025                                  SO ORDERED:
         White Plains, New York

                                                         _____
                                                         NELSON S. ROMÁN
                                                         United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____
_____
_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

**AMENDED COMPLAINT**

Do you want a jury trial?
☐ Yes   ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

I.   **LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

II.   **PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name           Middle Initial           Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

_____
County, City                      State                      Zip Code

III.   **PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

Page 2

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Page 3

## V.  STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____     _____
Dated                              Plaintiff's Signature

_____     _____
First Name     Middle Initial      Last Name

_____
Prison Address

_____
County, City            State            Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6

UNITED STATES DISTRICT COURT　　　　　　　　　　　　　　　　　Rev. Jan. 2012

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

                                    Plaintiff(s),　　　　**CIVIL CASE DISCOVERY PLAN**

                                                      **AND SCHEDULING ORDER**

  - against -

                                  Defendant(s).　　_____ CV _____ (NSR)

---------------------------------------------------------------x

  This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1.     All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2.     This case [is] [is not] to be tried to a jury.

3.     Joinder of additional parties must be accomplished by _____.

4.     Amended pleadings may be filed until _____.

5. Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

   a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

   b. Depositions shall proceed concurrently.

   c. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9. Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)


SO ORDERED.


Dated:  White Plains, New York
        _____


                                                            _____
                                                            Nelson S. Román, U.S. District Judge